[No. 1914.   Decided November 25, 1895.]

TACOMA LIGHT AND WATER COMPANY, *Appellant*, v.
THE CITY OF TACOMA, *Respondent*.

CONTRACTS OF MUNICIPAL CORPORATION — PURCHASE OF WATER AND
LIGHT PLANTS.

A proposition for the purchase by a city of a water works and electric light plant, which under its charter it was required to submit by ordinance to the electors of the city for authorization, must be controlled, as to the property to be purchased, by the terms of the ordinance, where the same has not been amended; and the seller, after acceptance of the purchase price, cannot invoke either prior dealings between it and the city council contemplating that property covered by the ordinance should not be included, or the subsequent acceptance by the city council of a deed not covering such property.

Appeal from Superior Court, Pierce County.—Hon.
W. H. Pritchard, Judge.   Affirmed.

*Parsons, Corell & Parsons,* and *Crowley, Sullivan &
Grosscup,* for appellant.

*J. A. Shackleford, J. S. Whitehouse,* and *A. R. Tit-
low,* for respondent.

The opinion of the court was delivered by

Scott, J.—This was an action brought to recover
possession of a certain quantity of water pipe which
the respondent claimed to have purchased from appel-
lant.   The controversy arose out of the sale by the
appellant to the respondent of its water and electric
light plant, situate in said city.

There seems to be no disagreement as to the facts
which we deem material to a determination of the
cause, and but a single question of law is presented
for our consideration, and that is, whether the propo-
sition as embraced in the ordinance submitting it to
the voters of said city must govern, independent of
all other matters, or whether the same can be modified
and construed in connection with the proposition
theretofore submitted by appellant to respondent and
by the action of appellant and the city council and
certain other officers of the respondent subsequent to
the passing of the ordinance and the adoption of the
proposition to purchase by the voters of the city.
The proposition to purchase, as submitted by the
ordinance, specified the "water works and electric
light plant, and all such sources of water supplies,
riparian rights and rights of way, lands, lots, personal
property and franchises as are now owned or operated
by the Tacoma Light and Water Company, as part of
such water and electric light plants, excepting their

distributing system in the town of Puyallup." The special election was held on the 11th day of April, 1893, under further provisions of this ordinance, and the proposition to purchase the property, as submitted by the ordinance, was carried.

It is conceded that no other ordinance than No. 790, the one above referred to, was passed by the city council relating to the matters in controversy, and the proposition contained therein was the only one ever voted upon or ratified by the electors of said city. Prior to the passage of this ordinance, and leading up to the submission of the matter to the electors of the city, it is conceded that appellant, in dealing and negotiating with the officers of the respondent, and in finally offering its plant for sale, accompanied such offer with, and submitted the same upon, a written schedule in which the property in controversy was not mentioned. It also appears that the ordinance as prepared by the city attorney and originally proposed, limited the property in terms to that specified in said schedule, but that it was amended before its final passage to describe the property as above specified. Said ordinance is published in full in *Seymour v. Tacoma*, 6 Wash. 138 (32 Pac. 1077).

At the time the negotiations relating to the transfer of said plant were begun, the pipe in question had been purchased by appellant at Philadelphia, but had not been delivered at Tacoma. It had arrived, however, and was within the corporate limits of said city at and prior to the time of the submission of the ordinance, and it is conceded that it had been purchased by appellant for the purpose of repairing and extending its system.

Subsequent to the adoption by the electors of the

proposition to purchase, a deed was executed by appellant to the respondent, which also purported 'to limit the property conveyed to that specified in the schedule submitted to the council prior to the passage of the ordinance.   Upon the tender of the deed some controversy arose between the city council and appellant over the property to which the city was entitled under the terms of the purchase; it being contended by the respondent that certain property which it was entitled to had been omitted from the schedule, and certain additions thereto were made after a conference between appellant and a committee appointed by the council.   Whereupon certain resolutions were passed by the council, one of which read as follows:

"*Resolved*, That the certified schedule of properties submitted by the city attorney, with his report and with amendments as made by report of special conference committee, contains the correct list of the properties of the Tacoma Light and Water Company proposed to be purchased in pursuance of ordinance No. 790."

The others approved the form of deed as amended and provided for obtaining satisfaction of a mortgage on a part of the property, and directed certain officers of the city to take the bonds to New York and there to accept delivery of the deed from appellant, and to deliver the bonds.   This was done, as indicated by the following telegram, sent July 19, 1893, by said officers to respondent:

" *To John T. Lee, Acting Mayor, Tacoma, Washington:*

Deal for light and water plant closed today, as per telegram July 13th.   City is authorized to take charge of the plant immediately as per schedule.   Pay all bills as from July 1st; sign all receipts.   (Signed)

H. S. HUSON,
S. C. SLAUGHTER."

It is contended by appellant that this closed the transaction as far as it and the council were concerned; that the city had the deed to the property and appellant had the money, and that everything was done except to deliver possession.  But on August 2, 1893, the council passed the following resolution:

"*Be it Resolved,* That the committee· on fire and water of the city council receive that portion of the personal property of the Tacoma Light and Water Co., which the company is willing to turn over to the city, receive it under protest, claiming that the city does not relinquish any right in receiving this fraction of the property.

*And be it Further Resolved,* That in view of the urgent necessity of improving the plant and taking care of it that it be turned over to the Board of Public Works temporarily."

From this time on the board of public works seems to have taken control of the matter upon the part of the city, and it refused to be bound by the prior action of the council subsequent to the election relating to the approval of the deed and agreement as to the property to which the city was entitled; the board of public works contending that the purchase included all personal property owned by appellant upon the ground at the time of the adoption of the proposition by the electors of the city, which was designed to be used for repairs, improvements or extensions, and this would, of course, include said pipe; while appellant contends that the city was bound by the prior action of the council, above referred to.

Charges by the respondent of fraudulent dealings between the appellant and some of the officers of the city were referred to upon the argument of the cause, and it was also claimed that there was testimony to show that several sheets were taken from the amended

schedule. We are not certain that it is contended that the pipe was included or specified in the sheets claimed to have been abstracted from the schedule, nor have we found it necessary, from the view we have taken of the case, to enter upon any examination of said charges. We have considered the matter as though the pipe in controversy had not at any time been included in the schedule, nor in anywise specifically referred to.

It is not contended that a deed was necessary to transfer the title to said pipe, nor is it claimed that a manual delivery of the same was essential, or that any was attempted. It appears that the pipe, upon its arrival was piled within the limits of a certain street at one of the wharves in said city, and remained there until taken possession of by the respondent.

It is contended by the respondent that this property was embraced within the terms of the ordinance as it was finally amended and passed, it being at that time owned by appellant and having been brought to Tacoma for the purpose of repairing and extending its system, and that it must be held to have been understood that, in case the proposition should be adopted by the electors of said city, the city would obtain the property in question as a part of the system purchased. We are satisfied that it was fairly embraced within the terms of the ordinance, and it will thus be seen that the question to be determined arises out of the conflict between the proposition as submitted by appellant to the city council, prior to the passage of the ordinance, and as accepted by the council after its passage, and the terms of the ordinance itself as submitted to the electors of the city; and, as stated, the question to be decided is, which must govern.

The respondent is a city of the first class, operating

under a charter framed under the enabling act of 1890, and which at the times in question, contained the following provision:

"Section 50. All appropriations of money shall be by ordinance, and no money shall be drawn from the treasury except in pursuance of an appropriation.

"Section 52. The city government of Tacoma shall have powers, by ordinance and not otherwise,—(fourteenth subdivision thereof) to provide for erecting, purchasing, appropriating or otherwise acquiring water works, gas works or electric light plants within or without the corporate limits of said city, to supply said city and its inhabitants with water and light, or to authorize the construction of the same by others, and to regulate and control the use and price of the water or light so supplied."

The power under said charter to pass ordinances is vested in the mayor and city council, and the council could not pass an effective ordinance without the approval of the mayor, except in the case of a veto and a two-thirds vote of the council thereafter in favor of the same. Section 46 of said charter was as follows:

"No ordinance or section thereof shall be revised or amended except by an ordinance, which new ordinance shall contain the entire ordinance or section so amended and the ordinance or section so amended be repealed; nor shall the city council by resolution or motion exempt any person or corporation from the provisions or requirements of any ordinance, nor suspend any ordinance or portion thereof except by another ordinance repealing the same."

It is apparent, therefore, that the ordinance must control. Neither the council nor any of the officers of respondent had any authority to act in the premises except as authorized by the voters, and anything that the city council might do which would conflict with the question as adopted by the voters could be of no

validity.    The submission of the proposition to a popular vote was rendered necessary in consequence of the amount of the indebtedness to be incurred, it being beyond the limit for which the council could contract, unless authorized by a vote of the people. The appellant knew that it was dealing with a municipal corporation, and was bound to know that a different rule obtains in such cases from that which would obtain were it between individuals, and to know that the city officers and council could only make the purchase as authorized by the electors of the city, and that they could not bind the city by agreeing to take any less property, or any other property, than that which was embraced within the terms of the ordinance as submitted and passed upon.    Consequently, all the dealings between the appellant and the respondent, prior to the passing of this ordinance and subsequent thereto, whereby it was sought to limit the conveyance of the property to that specified in the schedule, were invalid so far as the same conflicted with the proposition as contained in the ordinance; and when the appellant accepted the money for the plant and property, it must be held to have thereby ratified the proposition as contained in the ordinance, and to have become bound thereby and obligated to transfer all of the property covered by the ordinance, and not that simply which was specified in the schedule which it had submitted and which was specified in its communications to the officers of the respondent.

There was some showing by the respondent that the council, in approving the deed, etc., subsequent to the election, only took into consideration the real estate involved, and if this were so it would explain or do away with its seemingly inconsistent action with reference to the personal property, but for the disposi-

tion of the question involved we have been content to accept appellant's view, that the entire matter was considered.

The whole controversy centers in, and is determined by, the decision as to whether the terms of the ordinance must govern. The fact that the proposed ordinance was amended before its passage, excluding the schedule specification, and made by general language to cover all personal property owned or operated by the company in connection with its water and electric light plants, was direct notice to the plaintiff that the question to be submitted to the electors, without whose authority the council could not act, was not to be limited by the particular list of innumerable items specified in the schedule, but was to cover all property properly belonging to the plants, and that it would cover this property in controversy then on the ground designed for repairs and projected extensions. Of course, the plaintiff was not bound to accept the proposition as changed by the ordinance, but it did see fit to proceed, and thereafter accepted the money. Under the laws of the state and the respondent's charter provisions, it seems to us the proposition that the respondent could act in no other way in the premises than by ordinances lawfully enacted and ratified, is so apparent that there is little or no room for serious controversy or extended discussion, and we shall not undertake any.

It is contended by the appellant that the case of *Seymour v. Tacoma, supra,* is in its favor, and holds in substance that only the general plan or proposition was required to be submitted to the voters of the city, and that the city council had a discretion in the matter and could bind the city as to the details. We fail to find anything in that case, however, sufficient to

sustain appellant's contention in this action.   While it is true that some minor matters and details must of necessity be left to the determination of the council and officers of the respondent, that case does not hold that they would have authority to do anything which would materially conflict with the proposition as submitted and voted upon.

Affirmed.

Dunbar and Gordon, JJ., concur.

Hoyt, C. J., dissents.